IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| EMMANUEL ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 14-03513-CV-S-MDH |
| | ) | |
| LINDA SANDERS, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE

Petitioner, Emmanuel Robinson, an inmate previously confined[1] in the United States Medical Center for Federal Prisoners ("USMCFP"), petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The pro se Petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b) and Local Rule 72.1. Petitioner contends that he is unlawfully detained at USMCFP and that he was been denied due process.[2] (*See* Docs. 1, 2, and 7.) He seeks unconditional release from custody. (*See id.*) Respondent filed a response, (Doc. 6), contending that Petitioner failed to properly exhaust his administrative remedies prior to bringing his petition. Because the Petitioner has since been released from custody, it is recommended that the Petition be **DISMISSED as moot**.

**I. Background**

In June 2007, Petitioner was charged with being a felon in possession of a firearm and a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). *See United States v. Robinson*, 7-00218-01-CR-W-GAF, Docs. 1, 2 (W.D. Mo. June 20, 2007). On

---

[1] Petitioner has since been released.
[2] With regards to his due process allegations, Petitioner specifically contends that Respondent failed to have him examined by a licensed or certified psychologist or psychiatrist and file a report notifying the Court that he has no mental illness.

May 4, 2010, the Court found Petitioner not guilty only by reason of insanity, and ordered that he be committed for the purposes of examination in accordance with 18 U.S.C. §§ 4243 and 4247. *Id.* at Doc. 94; (*see also* Doc. 6-1, Attachment C.)  On July 28, 2010, Petitioner was civilly committed by the U.S. District Court for the Western District of Missouri to the custody of the U.S. Attorney General in accordance with 18 U.S.C. § 4243. *Robinson*, 7-00218-01-CR-W-GAF at Doc. 102; (Doc. 6-1, Attachment D.)

In December 2012, Petitioner was conditionally released. *Robinson*, 7-00218-01-CR-W-GAF at Doc. 108; (Doc. 6-1, Attachment E.)  However, on September 10, 2013, the Court revoked Defendant's conditional released and he was returned to the custody of the Bureau of Prisons ("BOP"). *Robinson*, 7-00218-01-CR-W-GAF at Doc. 131; (Doc. 6-1, Attachment E.) In accordance with 18 U.S.C. § 4247, the BOP prepared an annual risk assessment report as to Petitioner.  (Doc. 6-1, Attachment F.)  The report concluded that Petitioner was suffering from a mental illness that created a substantial risk of bodily injury to another person or serious damage to the property of others, and recommended Petitioner remain committed pursuant to 18 U.S.C. § 4243.  (*Id.*)  Petitioner filed the Petition in the instant case challenging his commitment on December 4, 2014.  (*See* Doc. 1.)

On March 4, 2015, the BOP prepared another risk assessment report.  *See Robinson*, 7-00218-01-CR-W-GAF at Doc. 143.  This second report concluded that Petitioner did not suffer from mental illness that created a substantial risk of bodily injury to another person or serious damage to the property of others.  *Id.*  As such, the panel recommended that his commitment be discontinued and that he be unconditionally released.  *Id.*  In April 2015, Petitioner moved to the Court for his unconditional release in his underlying criminal case.  *Id.* at Doc. 145.  After holding a hearing on the matter, the Court found that Petitioner did not suffer from a mental

2

illness, and granted his motion for unconditional release on July 28, 2015. *Id.* at Doc. 164. Petitioner was subsequently released.

## II. Discussion

Article III of the U.S. Constitution allows the federal courts to adjudicate only actual, ongoing cases and controversies. *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) ("Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies.") (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000) and citing U.S. Const. art. III, § 2, cl. 1). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id.* (quoting *Haden*, 212 F.3d at 466). As has been explained by other courts, except in some limited circumstances, habeas corpus petitions are generally moot after a petitioner has been released:

> As long as a habeas corpus petitioner remains incarcerated, his claims cannot be moot, because a writ of habeas corpus can provide meaningful relief – namely release from custody. Once the petitioner is released from custody, however, his case becomes moot, unless he can show that a writ of habeas corpus would still provide him some benefit. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) ("Once the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole-some 'collateral consequence' of the conviction-must exist if the suit is to be maintained.")

*Woodard v. Fondren*, No. CIV. 08-194 (ADMJJK), 2008 WL 5214396, at *2 (D. Minn. Dec. 12, 2008).

In this case, Petitioner contends that he was unlawfully detained and denied due process. He seeks a writ of habeas corpus that would release him from custody, and thereby end his detention at a BOP facility. Because Petitioner has already been unconditionally released, it would serve no useful purpose to consider whether he was unlawfully detained. Further, as to

the due process challenge, those allegations are contradicted by the evidence of record. The record shows that the BOP did have Petitioner examined by mental health professionals, and filed updated reports with the Court. *See Robinson*, 7-00218-01-CR-W-GAF at Docs. 141, 143. In fact, the filing of those reports ultimately led to Petitioner's release. As such, there are no remaining "collateral consequences" associated with the instant Petition, and reconsidering any of those issues now would afford Petitioner no meaningful benefit. Therefore, Petitioner's Petition is now moot because there is no live case or controversy to be resolved here. *See*, *e.g.*, *Woodard*, 2008 WL 5214396, at *2 (citing cases concluding that habeas corpus petitions were moot when the petitioner has been released).

### III. Conclusion

For the foregoing reasons, it is hereby **RECOMMENDED** that:

1. Petitioner's Petition for Writ of Habeas Corpus, (Doc. 1), be **DISMISSED as moot**; and

2. Petitioner's pro se Motion for Relief, (Doc. 8), be **DENIED as moot**.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: September 25, 2015